IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN R. WILKERSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. L-03-3219 |
| WARDEN J. SACCHET, et al., | * | |
| Defendants. | * | |

*************

## MEMORANDUM

Plaintiff Steven Wilkerson brings this action under 42 U.S.C. § 1983 alleging that certain Roxbury Correctional Institution ("RCI") personnel violated his constitutional rights. Specifically, Wilkerson claims that Officer Albino Trujillo repeatedly slammed Wilkerson's food slot door on his arm while Trujillo was conducting an inmate count of Wilkerson's cell block on June 24, 2003. Wilkerson also contends that Lieutenant Brian Leonard failed to investigate his claim, that Major Ronald Brezler authorized the issuance of a false infraction against Wilkerson, and that Warden Roderick R. Sowers improperly dismissed Wilkerson's grievance relating to this incident.

Now pending is Defendants' Motion for Summary Judgment on Wilkerson's excessive force claim.[1] Because the issues are fully briefed, no hearing is necessary. See

---

[1] Defendants filed two prior Motions for Summary Judgment. On November 16, 2004, the Court granted Defendants' original Motion for Summary Judgment as to all claims but the excessive force claim. At the Court's request, Wilkerson submitted additional information in support of his excessive force claim. On August 2, 2005, the Court denied Defendants' Motion for Summary Judgment on this claim and permitted the parties to conduct additional discovery thereon. Defendants filed the currently pending Motion at the conclusion of discovery.

Local Rule 105.6.  For the reasons that follow, the Court will, by separate Order, grant in part and deny in part Defendants' Motion for Summary Judgment.

I.  BACKGROUND

On June 24, 2003, Wilkerson was a prisoner on tier B of Housing Unit 5 at RCI. His cell was equipped with a feed slot that could only be opened and closed from outside the cell.  At the time of the incident at issue in this lawsuit, Wilkerson's feed slot door was open and his arms were hanging out of the opening in the cell door.  According to Wilkerson, one of the officers patrolling tier B had opened the feed slot door to allow for better ventilation in Wilkerson's cell, and Wilkerson had extended his arms through the open feed slot to take advantage of the increased airflow.

At approximately three o'clock in the afternoon, Officer Trujillo was conducting a routine count of the inmates on tier B.  When he came to Wilkerson's cell, he ordered Wilkerson to pull his arms back into his cell.

The parties dispute what happened next.  Wilkerson contends that when he tried to explain that he had been given permission to have his feed slot open, Trujillo berated him and slammed the feed slot door on his arm.  Although Wilkerson was able to pull his left arm back into his cell unharmed, he claims that his right arm was slammed in the feed slot approximately five times before he could react.  In contrast, Trujillo states that Wilkerson initially complied with his order but pushed his arm through the slot as Trujillo closed the door, causing his arm to be briefly caught between the door and the feed slot.  Trujillo claims that he immediately reopened the feed slot and Wilkerson withdrew his arm without further incident.

Although the parties also dispute the extent of Wilkerson's injuries, the defendants acknowledge that Wilkerson was evaluated and treated by the RCI medical department shortly after the incident.  As noted in the Court's August 2, 2005 Memorandum, the medical technician treating Wilkerson on June 24, 2003 noted that his right forearm was scratched and swollen.  Two days later, Wilkerson returned to the medical department, complaining that he could not move his fingers.  Although x-rays showed no fracture, medical records state that Wilkerson had not regained full use of his right hand two months after the injury.

Based on this record, the Court denied the Defendants' Motion for Summary Judgment on Wilkerson's excessive force claim on August 2, 2005, and allowed the parties to conduct additional discovery on this claim.  This discovery produced conflicting accounts of the extent of Wilkerson's injuries.  Plaintiff's medical expert testified that, in his opinion, Wilkerson is experiencing pain and weakness that limits the use of his right hand by approximately five percent.  He concluded that, while Wilkerson may be exaggerating his symptoms, Wilkerson's symptoms are consistent with those that would be experienced from the compression-type injury Wilkerson described. Defendants' medical expert disputes this conclusion, and testified that, in his opinion, there is no objective confirmation of Wilkerson's complaints.

Following the conclusion of discovery, Defendants filed the instant Motion for Summary Judgment, contending that (i) Wilkerson has not alleged personal involvement on the part of Defendants Leonard, Brezler and Sowers in the incident underlying his excessive force claim, such that these individuals must be dismissed from the lawsuit; and (ii) Wilkerson's injuries are *de minimus* and cannot support an excessive force claim.

3

## II.     ANALYSIS

### A.     Standard of Review

Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In determining whether there is a genuine issue of material fact, a court must view the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. Pulliam Inv. Co. v Cameo Prop., 810 F.2d 1282, 1286 (4th Cir. 1987).

### B.     Wilkerson's Claims Against Defendants Leonard, Brexler and Sowers

Although Wilkerson contends that prison officials Leonard, Brexler and Sowers violated his constitutional rights by improperly handling the incident at issue, Wilkerson fails to allege that these Defendants were personally involved in the alleged use of excessive force against him. Because respondeat superior liability does not apply to actions under § 1983, Wilkerson's failure to allege any connection between Defendants Leonard, Brexler and Sowers and his constitutional right to be free from the use of excessive force is fatal to his claims against these Defendants. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (dismissing claims against prison officials where inmate failed to "affirmatively show[] that the official charged acted personally in the deprivation of the plaintiff's rights").

Notably, Wilkerson has not contested the Defendants' Motion for Summary Judgment on the claims asserted against Defendants Leonard, Brexler and Sowers. These Defendants are entitled to summary judgment on the claims asserted against them.

C.  Wilkerson's Claim Against Trujillo

The Eighth Amendment's prohibition against cruel and unusual punishment "not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In order to prove that a prison official violated his constitutional rights through the excessive use of force, an inmate must satisfy two requirements. First, an inmate must demonstrate the subjective requirement that the force used by a prison official "inflicted unnecessary and wanton pain and suffering." Hudson v. McMillan, 503 U.S. 1, 6 (1993). "When evaluating evidence to determine whether it is legally sufficient to satisfy the subjective component, a court may allow an inmate's claim to go to the jury only if it concludes that the evidence, viewed in a light most favorable to the claimant, will support a reliable inference of wantonness in the infliction of pain." Stanley v. Hejirika, 134 F.3d 629, 634 (4th Cir. 1998) (internal quotations omitted).

Second, an inmate must show that the correctional officer's actions were "objectively harmful enough" to violate "contemporary standards of decency." Hudson, 503 U.S. at 8. A factfinder making this determination must balance the seriousness of the injury against the need for force and the circumstances surrounding the officer's actions. Stanley, 134 F.3d at 634. Significantly, *de minimis* uses of force are beyond "constitutional recognition" and will not support an excessive force claim. Hudson, 503 U.S. at 9.

In its August 2, 2005 Memorandum, the Court denied Defendants' Motion for Summary Judgment, holding that based on the record then before it, "a rational finder of fact could find that Wilkerson's injuries were more than *de minimis*. Accordingly, the Court concludes that Wilkerson is entitled to present his § 1983 claim of excessive force to a jury." Although the Court permitted the parties to conduct discovery on Wilkerson's excessive force claim, nothing that has been added to the record through the parties' discovery alters the Court's original conclusion that Wilkerson's injuries rise above the *de minimis* threshold required for dismissal of his claims.

Defendants contend that Wilkerson has shown, at most, minor injuries that do not support a constitutional claim  This claim is contradicted, however, by both the medical report drafted by the RCI medical department and by the opinion of Wilkerson's expert witness. The conflicting evidence relating to the extent of Wilkerson's injuries must be presented at trial and weighed by a jury. In light of the evidence demonstrating that Wilkerson suffered bruises and swelling, and that he continues to have limited use of his right hand, a reasonable factfinder could conclude that Wilkerson's injuries were more than *de minimis*. Compare id. at 10 (finding that, in the context of a verbal argument between an inmate and a prison guard, blows causing "bruises, swelling, loosened teeth, and a cracked dental plate, are not *de minimis* for Eighth Amendment purposes.") with Jackson v. Morgan, 19 Fed. Appx. 97, 102 (4th Cir. 2001) (holding that injuries were *de minimis* where guards' use of pepper spray on disruptive inmate had no "lasting effect" and inmate's allegations "were not supported by any complaints to the medical department").

### III.  CONCLUSION

For the foregoing reasons, the Court will, by separate Order, grant the Defendants' Motion for Summary Judgment on the excessive force claim asserted against Defendants Leonard, Brexler and Sowers; deny the Defendants' Motion for Summary Judgment on the excessive force claim asserted against Defendant Trujillo; and schedule a date for trial.


Dated this 13th day of November, 2007.

                                          _____/s/_____
                                          Benson Everett Legg
                                          Chief Judge